IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SALVADOR O. SALGADO,

       Plaintiff,

vs.                                                   Civ. No. 04-509 RHS

JO ANNE B. BARNHART,
**Commissioner of Social Security,**

       Defendant.

## MEMORANDUM OPINION AND ORDER

    1.  This matter comes before the Court upon Plaintiff's Motion to Reverse Administrative Decision, or, in the Alternative, a Remand of Said Decision, ("Motion") filed October 14, 2004 **[Doc. 7]**.  Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for a period of disability and disability insurance benefits.  Plaintiff alleges a disability which commenced July 31, 1998 due to rheumatoid arthritis. Tr. 19[1].  In a Disability Report dated August 18, 2001, Plaintiff indicated that he stopped working because, *inter alia*: " I became unable to walk without difficulty . . . . [,] my joints hurt so bad I could no longer concentrate mentally or physically . . . . [and] I started having 'accidents' . . ., stumbling . . . [and] dropping things."  Tr. 72, 79.

    2.  Plaintiff filed an application for benefits on August 20, 2001.  Tr. 18.  After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") issued a decision on January 31, 2003 denying Plaintiff's application.  Tr. 18-25.  On March 29, 2004, the Appeals Council denied Plaintiff's request for a review, thus rendering the ALJ's decision the final

---

      [1]Tr. = Transcript.

decision of the Commissioner.  Tr. 5.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. § 405(g).

3.  Plaintiff's date of birth is August 10, 1949.  Tr. 59.  Plaintiff has a high school education and has been self-employed in the heating, ventilating, air conditioning and sheet metal business.  Tr. 19, 73.  The ALJ concluded that Plaintiff was not disabled during the relevant time period because "considering the claimant's age, educational background, work experience, and residual functional capacity, he [wa]s capable of making a successful adjustment to work that exists in significant numbers in the national economy."  Tr. 23.

4.  The standard of review in social security appeals is whether the Commissioner applied the correct legal standards and whether the final decision, in this case the ALJ's decision, is supported by substantial evidence.  Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  The Court cannot weigh the evidence or substitute its discretion for that of the Commissioner, but has the duty to carefully consider the entire record and make its determination on the record as a whole.  Dollar v. Bowen, 821 F.2d 530, 532 (10th Cir.1987).

5.  Plaintiff alleges the following errors:  (1) The ALJ erred in her evaluation of Plaintiff's Residual Functional Capacity ("RFC"); (2)  The ALJ erred in applying the Medical-Vocational Guidelines ("Grids"); (3) The ALJ erred in her assessment of Plaintiff's credibility; and (4) The ALJ erred in questioning the Vocational Expert ("VE").

6.  "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity."  Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security

Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

7. At the first four levels of the evaluation, the claimant must show: (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past. At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work. Thompson, 987 F.2d at 1487 (citations omitted). Here, the ALJ determined that Plaintiff was not disabled at step five of the sequential process.

### *Third Alleged Error - Credibility Assessment*

8. Because of the critical role the credibility determination plays in the ALJ's findings related to the RFC, I examine it first.[2] See Thompson, 987 F.2d at 1489 (citation omitted). "Credibility determinations are peculiarly the province of the finder of fact and [the Court] will not upset such determinations when supported by substantial evidence." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (cited in McGoffin v. Barnhart, slip op. No. 01-5094 (10th Cir. May 3, 2002)). However, the ALJ's "decision must contain specific reasons for the finding on credibility [and must be] supported by the evidence in the case record." SSR-96-7p; Houston v.

---

[2] For example, a claimant's symptoms (such as pain) are considered, along with other factors, when assessing RFC. See 20 C.F.R. Pt.404,Subpt.P, App.2 §200(c).

Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988) (noting that credibility findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings").

    9.   The ALJ found that "the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision." Tr. 24. Plaintiff does not clearly describe the alleged error in the ALJ's credibility finding.[3] However, Plaintiff apparently assumes that the ALJ discounted his testimony based on a medical report dated February 22, 1999, indicating that Plaintiff "continues to work at sheet metal fabrication." Pl.'s Mem. at 4. Plaintiff contends that this "work" consisted of nothing more than "hanging around" and "supervisory-type" activity. Id. Plaintiff claims that no evidence contradicts his allegations regarding pain and other limitations.

    10.   Despite Plaintiff's assumption, it is not at all clear on what basis Plaintiff's testimony was discredited because the ALJ's decision lacks a discussion of the specific evidence upon which she relies. For example, the ALJ did not explain what part of the Plaintiff's testimony she did not believe; nor did she point out relevant evidence to support her findings.[4] The ALJ's statement that Plaintiff's allegations "are not totally credible" fails to articulate the reasoning for her determination of noncredibility.[5]

    11.   Moreover, the ALJ's decision must be evaluated solely on the reason and analysis

---

[3]Plaintiff's briefs are filled with non sequiturs, questions, incomplete sentences, and grammatical and typographical errors.

[4]It is not enough simply to list the evidence that supports a noncredibility determination, the ALJ "must explain <u>why</u> the specific evidence relevant to each factor led him to conclude that claimant's subjective complaints were not credible." Kepler, 68 F.3d 387 (emphasis added).

[5]Nor do I find the ALJ's reference to the "body of the decision" helpful, where no part of the decision specifically discusses the Plaintiff's credibility.

stated in the decision. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168-69 (1962) (quotations and citations omitted)). Thus, where the ALJ neglects to set forth her analysis, the Court may not substitute its own reasons for the ALJ's noncredibility determination. I find that the ALJ's credibility finding does not comport with legal standards and is not supported by substantial evidence.

12. Accordingly, this matter will be remanded for the Commissioner to conduct a proper credibility inquiry and set out specific findings and reasons for accepting or rejecting the Plaintiff's testimony. In no way does the Court intend to dictate a particular result upon remand, nor does it mean to imply that Plaintiff's testimony is necessarily credible. The Court requires only that the ALJ's findings be sufficiently specific and "closely and affirmatively linked to substantial evidence." Houston, 838 F.2d at 1133. The Commissioner shall proceed as necessary in light of any new findings with respect to Plaintiff's credibility.

*First Alleged Error - Determination of RFC*

13. A finding that Plaintiff is noncredible does not compel a finding of not disabled. Thompson, 987 F.2d at 1491. Rather, the credibility determination is just a step on the way to the ultimate decision. The ALJ must also determine whether the claimant has an RFC level and can perform the full range of work at his or her RFC level on a daily basis. Id.

14. The ALJ assessed the Plaintiff as having the following [RFC] during the relevant time period: "light work with lifting and carrying of up to 20 pounds occasionally and 10 pounds frequently; standing, walking, and sitting for up to 6 hours for each activity during an 8 hour day; the need for a sit-stand option; no climbing or heights; and, other postural activities performed

occasionally." Tr. 22. The ALJ further found that Plaintiff was "capable of performing a significant range of light work." Id.

15. It is difficult to discern the basis of Plaintiff's challenge to the ALJ's assessment. See n.3. However, Plaintiff apparently contends that the ALJ did not ground her assessment on substantial evidence. Specifically, Plaintiff appears to disagree with the ALJ's finding that Plaintiff was capable of standing, walking and sitting for up to six (6) hours for each activity during an eight (8) hour day. In addition, Plaintiff appears to contend that the ALJ did not consider the effect of pain on his ability to work.

16. "The ALJ must assess the physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions." Adkins v. Barnhart, 80 Fed.Appx. 44, 48, 2003 WL 22413920, at **4 (10th Cir. Oct. 23, 2003) (citing 20 C.F.R. §§ 404.1545(b), 416.945(b)) (not published in the Federal Reporter). In so doing, the ALJ "must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." Id. (emphasis in original) (citing SSR 96-8p).

17. In this case, there does not appear to be any positive evidence to support the ALJ's RFC finding with respect to Plaintiff's capacity for sustained work activities. Adkins, 80 Fed.Appx. at 48, 2003 WL 22413920, at **4 (finding that lack of evidence regarding claimant's abilities precludes determining RFC). In assessing Plaintiff's RFC, the ALJ explained that "there is no basis to find that the claimant was unable to perform a wide range of light work." Tr. 22.

Thus, the ALJ apparently relied on an absence of evidence to the contrary. However, "[t]he absence of evidence is not evidence." Thompson, 987 F.2d at 1491.

18.  The ALJ pointed to medical records from December 1998 and February 1999 indicating that Plaintiff continued to work   However, the ALJ did not characterize Plaintiff's work abilities during that time frame.[6] Moreover, as was the case in Adkins, "no medical professional has ever described [Plaintiff's] physical capabilities for walking, standing, or sitting" during the relevant time period.  80 Fed.Appx. at 47, 2003 WL 22413920, at**3.  Nor does the ALJ point to any other evidence to support her conclusion with respect to these capabilities. Consequently, the RFC determination is not supported by substantial evidence.

19.  Plaintiff also claims that the ALJ did not evaluate the effect of Plaintiff's pain on his ability to work.  As previously noted, the ALJ did not clearly set forth the basis for her credibility finding.  In particular, the ALJ failed to discuss Plaintiff's allegations of pain.[7] Nothing in the decision indicates that the ALJ specifically considered Plaintiff's allegations of pain, the extent to which she found the allegations credible, and the effect, if any, of Plaintiff's pain on his ability to work.[8]

---

[6]The ALJ did not consider this work to be substantial gainful activity.  Tr. 19.  Plaintiff described his work activity during this time as "just showing up."  Tr. 51.

[7]Arguably, the ALJ's finding that Plaintiff "has tried a number of medications for his condition, none of which has helped," tr. 20, addresses Plaintiff's pain.  However, the ALJ does not specifically indicate if this finding concerns Plaintiff's pain or some other sign or symptom of his condition.

[8]Defendant claims that the ALJ "specifically noted" that she considered all of Plaintiff's symptoms, including pain.  Def.'s Resp. at 3 (citing Tr. 20).  However, Defendant crucially misrepresents the ALJ.  The ALJ stated: "[I] must consider all symptoms, including pain . . . based on the requirements of 20 CFR § 404.1529, and Social Security Ruling 96-7p."  Tr. 20 (emphasis added).  Thus, the ALJ merely noted that she was required to consider Plaintiff's pain,

20. "In all cases in which symptoms, such as pain, are alleged, the RFC assessment must . . . contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and . . . set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work. The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence."[9]  SSR 96-8p, 1996 WL 374184, at *7 (emphasis added).

21. In failing to meet the requirements set forth above, the ALJ did not apply the correct legal standard in determining Plaintiff's RFC. Accordingly, this case should be remanded for a re-assessment of Plaintiff's RFC.

### *Second and Fourth Alleged Errors - Application of Grids; Vocational Expert*

22. Because I find that this matter should be remanded for further proceedings related to the assessment of Plaintiff's credibility and RFC, there is no need to address Plaintiff's remaining allegations in depth. Plaintiff apparently contends that the ALJ erred in applying the Grids. Defendant correctly points out that the ALJ did not rely exclusively on the Grids in reaching her disability determination. Rather, the ALJ used the testimony of a Vocational Expert ("VE") to assist her in determining whether a "significant number of jobs [exists] in the national economy

---

not that she had done so.

[9]In assessing the credibility of pain testimony, the ALJ should consider such factors as "the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence." Thompson, 987 F.2d at 1489 (quotations omitted).

that the claimant can perform given his [RFC] and other vocational factors." Tr. 23. Thus, the ALJ did not apply the Grids automatically or conclusively to find that Plaintiff was not disabled. On remand, the Commissioner should re-evaluate the use of the Grids and proceed as necessary, based on any new or changed findings resulting from a re-assessment of Plaintiff's credibility and RFC.

23. If additional proceedings include testimony of a VE, the ALJ should present hypothetical questions that adequately reflect the Plaintiff's limitations with respect to any new or changed findings resulting from a re-assessment of Plaintiff's credibility and RFC. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993) (noting that a VE's testimony can provide substantial evidence to support the ALJ's findings only if the hypothetical question presented to the VE adequately reflects the state of the record).

24. In sum, I find that the ALJ's credibility finding and RFC assessment do not comport with the correct legal standards and are not based on substantial evidence. This case should be remanded so that the Commissioner can conduct a proper credibility inquiry and RFC assessment. The Commissioner should conduct additional proceedings, as necessary, regarding application of the Grids and VE testimony, based on any new or changed findings resulting from a re-assessment of Plaintiff's credibility and RFC.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reverse Administrative Decision, or, in the Alternative, a Remand of Said Decision **[Doc. 7]** is GRANTED IN PART. This matter is remanded to the Commissioner for additional proceedings consistent with this opinion to include:

(A) a proper credibility inquiry into Plaintiff's allegations;

(A)  a re-assessment of Plaintiff's RFC; and

(C)  additional proceedings, as necessary, based on any new or changed findings resulting from a re-assessment of Plaintiff's credibility and RFC, to include:

(1)  re-evaluation of application of the Grids; and

(2)  the presentation of hypothetical questions to a VE that adequately reflect Plaintiff's limitations.

*Robert Hayes Scott*
UNITED STATES MAGISTRATE JUDGE